FILED & ENTERED

JUN 23 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fisherl    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Mahboob Talukder<br>Robert Smith<br><br>                    Debtor(s). | Case No.: 1:08-bk-11669-GM<br><br>CHAPTER 7<br><br>**TENTATIVE RULING ON MOTION BY CHICAGO TITLE INSURANCE COMPANY TO CONFIRM THAT THE POST-DISCHARGE STAY DOES NOT APPLY TO ITS DEBT TO CREDITOR [DKT. 50]**<br><br>Date:        June 23, 2020<br>Time:       10:00 AM<br>Courtroom: 303 |

The real property ("the property") is at 7059 Alcove Ave., North Hollywood.

April 2003 – property owned by Penny Martin-Dougherty. Two trust deeds were in default

April 28, 2003 - Mahboob Talukder (aka David Talukder), Frank Gonzalez, and John Castaneda came to the property and suggested a reverse mortgage since there was equity in the property. This would pay off the mortgages and give her monthly payments with no requirement to make payments on the reverse mortgage. They

-1-

returned later that day to talk to Dougherty and her husband and represented that she would remain the title owner of the property and would receive $500 per month for 15 years.

April 30, 2003 - Dougherty signed the documents presented by David, Gonzalez, and Casteneda, which included a blank grant deed.  Dougherty was not given copies of the documents.

May 2, 2003 - the grant deed was completed and conveyed the property to GIT, Inc., one of David and Cristina's limited liability companies.

May 29, 2003 - the grant deed was recorded.

July 23, 2003 - the senior mortgage holder recorded a notice of default because the payments were not made on the existing mortgages.

September 17, 2003 - David, Castaneda, and Cristina executed a trust deed which purported to encumber the property in the principal amount of $240,000.

October 2, 2003 - GIT conveyed the property to Cristina (who was David's spouse).  It stated that she was a "single woman."

October 14, 2003 - the deed to Cristina was recorded.

April 29, 2004 - Cristina conveyed the property to Absara, LLC, as Trustee of the Alcove Trust dated 1994 (typo says 2994).

May 12, 2004 - deed to Absara was recorded.  Absara was a limited liability company of David and Cristina.

May 9, 2005 - Absara conveyed the property to Carmen Echeverria.

May 16, 2005 - Echeverria obtained a loan in the principal amount of $344,000 from Resmae Mortgage Corp. secured by a deed of trust, which was insured by Chicago Title.

May 24, 2005 - deed to Echeverria was recorded.

May 25, 2005 - deed of trust to Resmae was recorded.

June 9, 2006, Dougherty filed suit in LASC against David, et al and included Resmae (the insured).  BC 353648.  Thereafter, Resmae made a claim under the title insurance policy.

March 21. 2008 – David Talukder files a chapter 7 bankruptcy case.

July 2008 – David Talukder receives his discharge.

November 12, 2008 - the superior court issued summary judgment against David, GIT, Cristina, and Absara.  The judgment also cancelled the Resmae deed of trust.  Dougherty also obtained a non-dischargeable judgment against David.

April 25, 2012 - the insured deed of trust was assigned to LaSalle Bank.

July 23, 2015 - Chicago paid LaSalle $344,000 as satisfaction of the LaSalle claim.  Chicago has incurred $40,498 in costs and fees.

June 2, 2016 - Chicago filed suit against David in LASC EC 065396.  Chicago obtained a judgment, but that was set aside on Oct. 2018.  The hearing on a motion for summary judgment was set for Jan. 24, 2020, but that was continued to July 17, 2020 to allow Chicago time to seek remedies in the bankruptcy court.

The Motion

The debt is post-petition in that Chicago Title did not pay LaSalle until 2015, which was seven years after the bankruptcy was filed.  If it is considered a pre-petition debt, then under the Ninth Circuit "fair contemplation" test it is still not discharged as to Chicago because the parties could not reasonably contemplate the potential existence of this future claim prior to their bankruptcy filing.

As to it being a pre-petition debt, a debt is "liability on a claim," a claim is a "right to payment," and a "right to payment" is an enforceable obligation. 11 USC sec. 101(12), sec. 101(5). A claim does not include future rights to payment that are unknown and not foreseeable. A contingent claim is one "which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if the triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event arising rise to the claim occurred." *In re: Dill*, 731 F.2d 629 (9th Cir. 1984)

As to the "fair contemplation" test, even if the conduct of the Debtor occurred pe-petition, he will not be discharged if the parties could not fairly or reasonably contemplate the potential existence of the future claim. *In re: ZiLOG, Inc.*, 450 F.3d 996, 1000 (9th Cir.2006); *In re: Hexcel Corp.*, 239 B.R.564 (1999). The claim only arises when the creditor can fairly or reasonably contemplate the existence of a claim. Then the plaintiff must act. *In re: SNTL Corp.*, 571 F.3d 826 (2009).. *In re: Hellman*, 430 B.R.213 (2010), *In re: Cool Fuel, Inc*. 210 F.3d 999 (9th Cir. 2000).

Because the payment was not made to the insured until after the bankruptcy was filed, this could not have been reasonably contemplated by Chicago and it is not discharged. Neither Chicago or Resmae were listed on the bankruptcy schedules. Minimally there are due process issues because of this.

Even the Debtor would not reasonably contemplate that years after the bankruptcy there would be a title insurance claim that would arise.

If this is a prepetition debt, Chicago wants to file a sec. 523(a)(3)(B) action. There is no time limit on this. And Chicago did not become aware of the bankruptcy until January 2020 when David filed an opposition to the motion for summary judgment in the state court action. He never mentioned it in his Motion to Set Aside the Default Judgment that was filed in July 2018, as an affirmative defense, or in response to written discovery.

Discharged Debtor's Response

The actual claim was filed by Dougherty, the person insured by Chicago, and it was supported by the Dougherty lawsuit against Debtor and others in the state court and a non-dischargeability judgment against the Debtor, which was entered on 7/27/09.

Although Chicago seems to assert that it did not know of the bankruptcy case, Chicago was a party to the Dougherty action. It was named as a defendant in that action and had every right to seek contribution from Dougherty for her judgment against Talukder. Chicago now tries to step in as an additional claimant on the same claim in that it paid on an insurance policy and claiming that the Debtor did not list it on his bankruptcy petition.

Chicago's claim is for contribution against its insured and it is not a third party beneficiary to the contract between Talukder and Dougherty. Any action against Talukder would be precluded under Cal. Code Civ. Proc. 307 – one form of action rule – since it was already litigated in state court. Dougherty was the proper party to litigating this fully litigated case and Chicago is not the beneficiary under the contract. Cal Civ. Code 1559.

Reply

Dougherty was not the insured fo Chicago. Dougherty was the victim of the fraudulent acts committed by the Debtor as to the property at 7059 Alcove Ave. There was no contractual relationship between Dougherty and Chicago. Resmae Mortgage was the insured. After a series of transfers, on May 16, 2005 Echeverria obtained a loan of $344,000 from Resmae, which was Chicago's insured. Chicago issued the title insurance policy to Resmae, which was the sole insured of Chicago.

The knowledge of Dougherty of the bankruptcy cannot be imputed to Chicago. Dougherty had no duty to notify Chicago. There was no agency relationship between Dougherty and Chicago.

There is no evidence that this is a pre-petition debt. It did not arise until after the bankruptcy was filed. The payment under the policy was not made until July 2015.

If this is determined to be a pre-petition debt, Chicago asks for the opportunity to file a complaint under sec. 523(a)(3)(B).

ANALYSIS

All of the actions in this case occurred pre-petition. The fraud was in 2003. The interest obtained by Resmae and insured by LaSalle/Chicago was in 2005. The bankruptcy was filed in 2008. Whether LaSalle or Chicago had any notice or involvement prior to the bankruptcy does not transmute this to a post-petition debt.

11 USC §523(a)(3)(B) specifically deals with this type of situation. That section requires that the debt is not listed or scheduled in the bankruptcy documents with the name of the creditor (if that name is known to the debtor) in time for the creditor to timely file a proof of claim and timely file a §523(a)(2), (4) or (6) adversary complaint. This is so unless the creditor had notice or actual knowledge of the case in order to timely file a claim and an adversary proceeding.

Although Resmae made its claim on the title insurance policy in 2006, given the facts set forth in this motion, there is no showing that Chicago or its predecessor (LaSalle) or its insured (Resmae) had notice or actual knowledge of the Talukder bankruptcy on or before June 20, 2008, which was the deadline for filing a §523 complaint. There is no deadline to file a claim as this was a no-asset case. But that is not significant.

Thus, the question here is whether LaSalle or Chicago had notice or any knowledge of the bankruptcy filing before June 20, 2008. If either of them did, then a complaint will have to be dismissed. But that will be decided within the litigation.

The bankruptcy court shares jurisdiction with the state court as to §523(a)(3) matters. *In re Franklin*, 179 B.R. 913, 924 (Bankr. E.D.CA 1995).  Since there is a suit pending in the LASC, that can proceed if that judge wishes to go forward. Although a new complaint can be filed here, since the state court lawsuit is four years old, I suggest that it proceed, adding a cause of action under §523(a)(3)(B).

Date: June 23, 2020

Geraldine Mund
United States Bankruptcy Judge